*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C.  20536



U.S. Immigration
and Customs
Enforcement

February 12, 2026

Rachel Landry
PO Box 40204
Portland, Oregon 97240

**RE: 2026-ICAP-00116, 2026-ICFO-10513**

Dear Rachel Landry:

This is in response to your letter dated January 14, 2026, received January 14, 2026, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's denial of your request for expedited processing to your FOIA request dated January 6, 2026, seeking records pertaining to:

> The disclosure of all records, including correspondence, solicitations, policy documents, and guidance, whether formal or informal, created since February 1, 2025, regarding ICE's plans for overnight immigration detention in the state of Oregon.

*Expedited Treatment*

In your request, you raised four conditions to rationalize expedited processing: that there is an imminent threat to life or physical safety, an urgency to inform the public, the loss of substantial due process rights and a matter of widespread and exceptional media interest.

By letter dated January 13, 2026, the ICE FOIA Office acknowledged receipt of your FOIA request, provided notice of deferred adjudication for non-commercial requester fees, and denied your request for expedited processing.  With respect to the latter, the ICE FOIA office stated:

> Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(e)(1).  You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

You have appealed the denial of expedited treatment of your FOIA request.  In your appeal, you state that expedited processing is warranted because:

**Exhibit D - Page 1 of 4**

Rachel Landry
Page 2

First, your argue that the Agency's denial does not acknowledge that your request for expedited processing is justified under the latter two grounds enumerated in 6 C.F.R. § 5.5(e)(1), where the request involves "the loss of substantial due process rights" and "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iii)-(iv). And, that the Agency's denial only bases its justification on the first two enumerated grounds. *See* 6 C.F.R. § 5.5(e)(1)(i)-(ii).

Second, your argue that as required by 6 C.F.R. § 5.5(e)(3), your request was accompanied by a detailed statement by Ms. Isaura Pena, certified to be true and correct, explaining with specificity the basis for your request for expedited processing on each of the four grounds. *See* FOIA Request 2026-ICFO-10513, Exhibit A, Statement in Support of Request for Expedited Processing for Freedom of Information Act Request. You further argue that the Agency's denial of your request for expedited processing neither engages with nor even references Ms. Pena's statement, which you claim amply demonstrates the need for expedited processing under each ground. *See id.* at ¶¶ 5-7 (explaining why the request warrants expedited processing, where an imminent threat to life or physical safety is involved under 6 C.F.R. § 5.5(e)(1)(i)); *id.* at ¶¶ 8-11 (explaining that the request warrants expedited processing because there is an urgency to inform the public under 6 C.F.R. § 5.5(e)(1)(ii)); *id.* at ¶¶ 12-13 (explaining why the request warrants expedited processing because it involves an issue implicating the loss of substantial due process rights under 6 C.F.R. § 5.5(e)(1)(iii)); *id.* at ¶¶ 14-16 (explaining that the request warrants expedited because it involves a matter of widespread and exceptional media interest under 6 C.F.R. § 5.5(e)(1)(iii)).

Finally, you argue that despite the Agency's characterization otherwise, the Statement of Isaura Pena demonstrates a "particular urgency to inform the public about the government activity involved in the request—one that extends beyond the public's right to know about government activity generally." 6 C.F.R. § 5.5(e)(3). You state that as explained in federal regulation, "[t]he existence of numerous articles published on a given subject can be helpful to establishing the requirement that there be an 'urgency to inform' the public on the topic." *Id.* And, that the Statement of Isaura Pena does just that, citing to numerous articles and published letters from elected officials on the topic, *see* FOIA Request 2026-ICFO-10513, Exhibit A, n.3-5, and that there are additional published articles and statements from elected officials cited throughout the request itself, *see* FOIA Request 2026-ICFO-10513. And that therefore Your request thus establishes that the urgency to inform the public is not generalized but particular to the subject matter of plans for overnight immigration detention in Oregon.

On appeal, ICE employs a *de novo* review of the denial of expedited treatment of your FOIA request. As a requester, you bear the burden under the FOIA of showing that your request satisfies the requirements for expedited treatment.

The DHS FOIA Regulations at 6 C.F.R. § 5.5(e) provide the following four situations in which expedited processing is warranted:

Rachel Landry
Page 3

(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
(ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;
(iii) The loss of substantial due process rights; or
(iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

The first situation in which processing on an expedited basis is appropriate requires a showing of circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. You have not provided any specific evidence demonstrating that standard processing of the request would pose an imminent threat to the life or physical safety of any particular individual. Specifically, you point to the attached statement of Isaura Pena, Director of Strategy at Innovation Law Lab, to support this point. The statement claims potential safety concerns related to possible construction of detention facilities, related to storms, tsunamis and earthquakes, none of which qualifies as an imminent threat to the life or physical safety of any particular individual as they are speculative in nature.

The second situation in which processing on an expedited basis is appropriate has two prongs. The first requirement is that there is an "urgency to inform the public about an actual or alleged federal government activity." The second requirement is that the requester "is primarily engaged in disseminating information." You have neither provided evidence suggesting that you represent an organization that is primarily engaged in disseminating information, nor have you demonstrated an urgency to inform the public about a federal government activity. Specifically, you point to the attached statement of Isaura Pena, Director of Strategy at Innovation Law Lab, to support the first requirement, however your statement indicates that Innovation Law Lab is not a full-time member of the news media, and is only "significantly engaged" in information dissemination, not primarily engaged. Information dissemination as part of a mission is not enough to demonstrate primary, versus incidental, dissemination of information.

The "urgency to inform the public" prong determination hinges on three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2004). The first two factors have not been satisfied. You have not demonstrated that the request concerns a matter of current exigency to the American public. Specifically, you point to the attached statement of Isaura Pena, Director of Strategy at Innovation Law Lab, to support the claim that there is an urgency to inform the public, stating that articles have been published about the subject and letters have been sent from elected officials to ICE and DHS. However, given the facility in question does not yet exist, this fails to support either a showing of a matter of current exigency, or that a significant recognized interest would be compromised.

With regard to the third situation in which processing on an expedited basis is appropriate ("[t]he loss of substantial due process rights"), you have not made a showing of a loss of

Rachel Landry
Page 4

substantial due process rights. Generally, a request may be expedited if it is shown that substantial due process rights of the requester would be impaired by the failure to process immediately, and that the information sought is not otherwise available.  It is not sufficient, however, for a requester to merely allege that requested records are needed in connection with some judicial or administrative proceeding; rather, the immediate use of the FOIA must be shown to be critical to the preservation of a substantial right.  Specifically, you point to the attached statement of Isaura Pena, Director of Strategy at Innovation Law Lab, to support the claim that there is a potential loss of substantial due process rights, however, the statement simply refers to a letter from the ACLU to ICE officials regarding a different detention facility, which is not specific evidence.  Thus, your request for expedited treatment fails under 6 C.F.R. § 5.5(e)(1)(iii).

        With regard to the fourth situation in which processing on an expedited basis is appropriate, you stated without providing evidence that the request deals with a matter of widespread media interest. You have not made a showing regarding the existence of possible questions about the government's integrity which would affect public confidence.  Specifically, you point to the attached statement of Isaura Pena, Director of Strategy at Innovation Law Lab to support this claim, pointing to interest in news outlets and letters from elected officials and a pending litigation, however this fails to rise to the level of showing widespread and exceptional media interest.  Accordingly, your request for expedited processing fails under 6 C.F.R. § 5.5(e)(1)(iv).

        Therefore, ICE affirms the decision of the ICE FOIA Office to deny your request for expedited processing. ICE has determined that the ICE FOIA Office has begun processing your request on a "first-in, first-out basis" and is currently still in the process of responding to your request.  The ICE FOIA Office will provide a direct response to you.

        Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@ice.dhs.gov.  In the subject line of the email please include the word "appeal," your appeal number, which is **2026-ICAP-00116**, and the FOIA case number, which is **2026-ICFO-10513**.

                Sincerely,

                /s/ *Ari Fried*

        *for*   Sara Jazayeri
                Chief
                Government Information Law Division
                ICE Office of the Principal Legal Advisor
                U.S. Department of Homeland Security

cc:     The ICE FOIA Office

Exhibit D - Page 4 of 4